# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROCKY A. STUBBS,

                Petitioner,     :            Case No. 2:24-cv-3696

    - vs -                        District Judge Algenon L. Marbley
                                        Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional Institution,

                                  :

             Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action brought *pro se* by Petitioner Rocky Stubbs pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Common Pleas Court of Coshocton County, Ohio, on drug trafficking charges.  The case is before the Court on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), Petitioner's Traverse (ECF No. 14), Respondent's Reply to the Traverse (ECF No. 15), and Petitioner's Response to that filing (ECF No. 17).  The case is thus ripe for decision.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 19).

## Litigation History

On February 22, 2019, the Coshocton County Grand Jury returned a three-count indictment

1

charging Stubbs with two counts of trafficking in cocaine as felonies of the third degree, and one count of trafficking in cocaine as a felony of the first degree. The first-degree felony trafficking count also carried a major drug offender specification.

After denial of his motion to suppress, Petitioner pleaded no contest to all counts and was found guilty.  He was sentenced to thirty months for count one, thirty months for count two, and eleven years for count three with the major drug offender specification; the sentences were to be served consecutively (Judgment, State Court Record, ECF No. 10, Ex. 9).  The conviction was affirmed on direct appeal.  *State v. Stubbs*, 2020-Ohio-3464 (Ohio App. 5th Dist. Jun. 23, 2020). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal.  *State v. Stubbs,* 160 Ohio St.3d 1440 (Oct. 27, 2020).

Stubbs later sought unsuccessfully to withdraw his no contest plea (Motion, State Court Record, ECF No. 10, Ex. 18).  His appeal from denial of that motion was dismissed for want of prosecution.  *Id.* at Ex. 23.  He filed an Application for Delayed Reconsideration in the Fifth District, but it was denied as untimely and because the consecutive sentence issue had already been decided. *Id.* at Ex. 25.  The Ohio Supreme Court declined jurisdiction over a further appeal.  *State v. Stubbs,* 173 Ohio St.3d 1456 (2024).

Stubbs mailed his habeas corpus petition to this Court on July 1, 2024 (ECF No. 1, PageID 11).[1]  He pleads the following grounds for relief:

> **Ground One:** Conviction and sentences for multiple counts of same offense violated Double Jeopardy Clause.
>
> **Supporting Facts:**  Original appellate review analyzed issue under wrong touchstone. A subsequent decision from Ohio Supreme Court corrected use of Ohio Revised Code § 2941.25 for multiple violations of same statute, as with here.

---

[1] The Petition was not received and docketed until July 12, 2014, but Petitioner is entitled to count the date of deposit in the mail as his filing date.  *Houston  v. Lack*, 487 U.S. 266 (1988).

**Ground Two**: Ohio legislature has not authorized consecutive sentences where record does not support a disproportionality finding.

**Supporting Facts:** Ohio Revised Code § 2929.14(c)(4) codifies the Eighth Amendment's disproportionality protection and is violated where conduct is non-violent, discrete and does not involve presence of a juvenile. The aggregate term represents an extreme sentence that is grossly disproportionate to the crime(s).

(Petition, ECF No. 1, PageID 4, 6.

# Analysis

## Statute of Limitations

Respondent asserts that consideration of the merits of the Petition is barred by the statute of limitations. That statute, 28 U.S.C. § 2244(d), was adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of
due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection.

**The Parties' Positions**

In the Petition, Stubbs claims his filing is timely under 28 U.S.C. § 2244(d)(1)(D) because
the necessary factual predicate for Ground Two is the Ohio Supreme Court decision in *State v.
Gwynne*, 173 Ohio St.3d 525 (Oct. 25, 2023).  That decision was obviously not discoverable until
it was made and Stubbs filed within a year of that thereafter.

Respondent, however, calculates the limitations period under 28 U.S.C. § 2244(d)(1)(A)
as running from the date on which the conviction became final on direct review.  That is January
25, 2021, the last date on which Stubbs could have sought review by certiorari from the United
States Supreme Court.  The statute would then have expired a year later on January 25, 2022.  The
Petition was not filed until July 1, 2024, and thus would be barred under § 2244(d)(1)(A).

Respondent disagrees with Stubbs' claim that the time runs from his discovery of the
"factual predicate" of the decision in *Gwynne*, arguing that, if anything, *Gwynne* is a change in the
law and not a **factual** predicate (Return, ECF No. 11, PageID 428 citing *Phillips v. United States,*
734 F.3d 573, 580 (6th Cir. 2013)).

Petitioner insists his Application for Reconsideration was not dismissed as untimely by the
court of appeals but denied on the merits and therefore was "properly filed" within the meaning of
that phrase in § 2244(d)(2) as interpreted in *Artuz v. Bennett*, 531 U.S. 4 (2000)(Traverse, ECF
No. 14, PageID 447).

4

Replying with court permission to the Traverse, Respondent points out that though the Court of Appeals did not use the word "untimely," it held, respecting Stubb's Application for Reconsideration:

> An application for reconsideration must be filed within 10 days of an appellate court's judgment. App. R. 26(A)(1)(a). A delayed application for reconsideration pursuant to App. R. 26(A) is permitted only where the moving party can establish "extraordinary circumstances." App. R. 14(B). Appellant files his application more than three years after this court's judgment, and has failed to identify any extraordinary circumstance.

(ECF No. 15, PageID 451-52, quoting Judgment Entry, State Court Record, ECF No. 11, Ex. 25, PageID 301-02.) The indented language was itself being quoted by the Fifth District Court of Appeals from *State v. Owens*, 112 Ohio App. 3d 334,336 (11th Dist.1996), and adopted by the Fifth District to justify its decision.

In response, Petitioner again relies on the absence of the word "untimely" in the Fifth District's decision and reminds this Court that whether a state procedural bar is "adequate" is a question of federal law (Motion for Leave to File Response, ECF No. 17, PageID 456, citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).

**Analysis**

The Court agrees with Respondent that the statute of limitations began to run when the conviction became final on direct review, January 25, 2021, when Stubbs' opportunity to apply to the Supreme Court for a writ of certiorari expired. The statute would then have run for a year unless tolled. Tolling under § 2244(d)(2) only happens when a state court application for collateral review is properly filed and pending. Stubbs' Application for Delayed Reconsideration was probably the only state court remedy arguably available to him to ask for relief under *Gwynne*. But the Fifth District did not accept his argument that the 2023 decision in *Gwynne* and then his

5

later discovery of *Gwynne* was an "extraordinary circumstance" excusing his late filing. The Magistrate Judge finds no ambiguity in the Fifth District's holding that his filing was later than ten days after its decision on direct appeal without adequate excuse.

The Application for Reconsideration does not affect the statute of limitations issue for another reason: *Gwynne* is not a factual predicate of Stubbs' Petition. He pleads two Double Jeopardy claims. The facts which support those claims were present and known to him at the time of trial and sentencing. If *Gwynne* changes anything, it is the legal characterization which must be given to those facts.

A change in the law is not a factual predicate which restarts the statute of limitations. *Phillips, supra.*[2] Whether or not Stubbs' Application for Reconsideration was "properly filed" does not affect the statute of limitations analysis because the statute had already expired before Stubbs' filed that Application, and applications for collateral review only toll the statute, they do not restart it.

The Petition is barred by the statute of limitations and should be dismissed with prejudice on that basis.

**Procedural Default**

### The Parties' Positions

Respondent asserts Stubbs' Petition is barred by his procedural default in presenting his claims to the Ohio courts (Return, ECF No. 11, PageID 431, *et seq*.). Specifically, Respondent

---

[2] *Phillips* arose under 28 U.S.C. § 2255, the alternative to habeas corpus for federal prisoners adopted in 1948. However, it has a statute of limitations of limitations adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") at the same time as § 2244(d).

asserts that although Stubbs raised his consecutive sentencing claim in his direct appeal, he did not pursue that issue in his direct appeal to the Ohio Supreme Court.

Stubbs responds that because the Fifth District's decision on his Application for Delayed Reopening did not find it to be untimely, he has committed no procedural default (Traverse, ECF No. 14, PageID 447).  Respondent then reiterated its analysis of the decision by the Fifth District (ECF No. 15).  Stubbs responds by criticizing Respondent's purported reliance on *Cullen v. Pinholster,* 563 U.S. 170 (2011), which is in fact not cited in Respondent's Memorandum and is wholly irrelevant.

**Analysis**

Petitioner's position seems to be that his failure to appeal the consecutive sentencing issue to the Ohio Supreme Court is irrelevant.  The Magistrate Judge disagrees.

On direct appeal to the Fifth District Stubbs' Third Assignment of Error was "The trial court erred in failing to merge Stubbs's cocaine offenses."  (Appellant's Brief, State Court Record, ECF No. 10, Ex. 11, PageID 115).  Stubbs argues that "the trial court should have merged all of his offenses together, because the cocaine was all found in one place- a toolbox. It does not matter whether it was packaged separately." *Id.* at PageID 116.  Stubbs argued this as a Double Jeopardy claim, relying heavily on Ohio's allied offenses statute, Ohio Revised Code § 2941.25. *Id.* at PageID 129-31.  The Fifth District then decided this assignment of error on the merits (Opinion, State Court Record. ECF No. 10, Ex. 14, PageID 174, *et seq.*[3]).  But when he appealed to the Ohio Supreme Court, Stubbs did not include any mention of the merger/Double Jeopardy issue or the

---

[3] Respondent's counsel should note that this portion of the State Court Record does not comply with the Order for Answer which provides "Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed." (ECF No. 4, PageID 29).

consecutive sentence disproportionality issue (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 16).   Petitioner offers no excuse for omission of these issues.

Under federal habeas corpus exhaustion doctrine, a habeas petitioner must present his or her issues for a complete round of state court adjudication, including a state supreme court.  Failure to do so constitutes a procedural default.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999).

This default is not overcome by Stubbs' later presentation of his merger claim in the Application for Delayed Reconsideration.   Ohio law does not provide for presentation of a constitutional claim that has been forfeited on direct appeal by an untimely application for appellate reconsideration.

The Petition should therefore be dismissed with prejudice because the claims it makes were procedurally defaulted when Stubbs did not present them to the Ohio Supreme Court on direct appeal.

**The Merits**

If the District Judge does not adopt the foregoing recommendations and reaches the merits, the Petition should still be dismissed with prejudice because it is without merit.

Petitioner continues to insist that the Fifth District did not deny his Application for Delayed Reconsideration as untimely, but instead denied it on the merits (See ECF No. 17, PageID 457).  If the Court accepts that hypothesis, then it must evaluate the Fifth District's decision deferentially under 28 U.S.C. § 2254(d)(1).  The question would then be whether the Fifth District's decision is an objectively reasonable application of Supreme Court Double Jeopardy precedent at the time it was handed down.  On *de novo* review, the question would be whether the sentence here violates the Double Jeopardy Clause or the Eighth Amendment.

On direct appeal, the Fifth District rejected Stubbs' merger argument under Ohio Revised Code § 2941.25 because it found as a matter of fact that the three counts in the indictment charged three separate offenses, two sales in controlled buys and then the possession of the large stash in the toolbox, seized during a search of Stubbs' residence (Opinion, State Court Record ECF No. 10, Ex. 14, PageID 174, *et seq.*).

Stubbs does not respond to this argument on the merits as it applies to the direct appeal. Instead he claims the Fifth District never decided this claim as presented in the Application for Delayed Reconsideration (Traverse, ECF No. 14, PageID 447).

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), *citing Albernaz*. "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

The indictment here plainly charges three separate offenses. The first two counts allege

separate sales to separate buyers of separate quantities of cocaine at separate times; the third count charges possession of a different quantity of cocaine in a different location. These offenses are plainly separate for purposes of Ohio Revised Code § 2941.25 and the Double Jeopardy Clause. The Sixth Circuit has held that an Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014).

Whether Stubbs' Double Jeopardy claim is reviewed deferentially under 28 U.S.C. § 2254(d)(1) or *de novo*, it is completely without merit. His more ambiguous claim that consecutive sentencing here somehow violated the proportionality requirement of the Eighth Amendment is also without merit. *Oregon v. Ice*, 555 U.S. 160 (2009).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 16, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.